UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAWN ANTHONY ALLICOCK,

                          Petitioner,         **REPORT AND**

v.                                                **RECOMMENDATION**

DEPARTMENT OF HOMELAND SECURITY        09-CV-00866(S)(M)
UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES,

                          Respondents.

_____

        This case has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [18].[1] Before me are respondents' motion to dismiss the complaint,[2] or alternatively for summary judgment [11], and petitioner's cross-motion for judgment on the pleadings [16]. For the following reasons, I recommend that respondents' motion be granted to the extent it seeks dismissal of the petition for lack of subject matter jurisdiction, and that petitioner's cross-motion be denied.

## BACKGROUND

        As a result of petitioner's June 12, 2001 criminal conviction for conspiracy to commit bank fraud (18 U.S.C. §371) and bank fraud (18 U.S.C. §1344), he was placed in

---

    [1]    Bracketed references are to CM/ECF docket entries.

    [2]    Although petitioner filed a "petition for a writ of habeas corpus under 28 U.S.C. 2241", Hon. Richard J. Arcara's January 4, 2010 Decision and Order construed it as a complaint seeking judicial review of the denial of the N-600 application. [5], p. 2. Nevertheless, because the caption in this case has not been formally changed, I will continue to refer to the parties as petitioner and respondents.

immigration removal proceedings on October 16, 2001. [13], p. 20. Petitioner's claim that he had derived citizenship from his mother who applied for naturalization when he was sixteen years old was rejected, and an order of removal was entered on October 3, 2003. Appendix to defendants' statement of undisputed facts [11-2], June 28, 2004 Memorandum and Order, p. 3. The Board of Immigration Appeals denied his appeal on February 9, 2004. Thereafter, Hon. Edward R. Korman denied petitioner's challenge to the final order of removal, except to the extent petitioner alleged that he was entitled to derivative citizenship as a result of his mother's naturalization. Id., p. 19. This aspect of the petition was transferred to the Fifth Circuit Court of Appeals. Id. Petitioner was ultimately deported to Guyana on August 25, 2004. [13], p. 13.

During the pendency of the removal proceeding, petitioner applied for a Certificate of Citizenship (N-600) on March 17, 2003. Id., pp. 9-12. On November 9, 2007, petitioner's application for citizenship was denied because his mother was naturalized as a United States citizen after his eighteenth birthday. Id., pp. 7-8. Petitioner's appeal from this determination was denied on May 21, 2008 by the Administrative Appeals Office of United States Citizenship and Immigration Services. Id., pp. 1-4.

Petitioner seeks review of the denial of his appeal and a determination granting his application for citizenship. Petition [1], p. 8, Ex. 3. Petitioner argues that there was an unreasonable delay in processing his mother's naturalization application, which resulted in him exceeding the age threshold for attaining derivative citizenship. Id., pp. 5-7.

In response, respondents have moved to dismiss the petition, or alternatively for summary judgment, arguing, *inter alia*, that the court lacks subject matter jurisdiction over petitioner's claim. Respondents' motion [11]. In response, petitioner cross-moves for judgment

on the pleadings, seeking a writ of mandamus ordering respondents to approve his application for derivative citizenship. Petitioner's cross-motion [16], p. 3.

## ANALYSIS

Although respondents raise a litany of arguments addressing the merits of petitioner's claim, as a threshold issue I must resolve whether this court has jurisdiction over the claim. Respondents' memorandum of law [12], p. 9. "The obligation that courts must resolve threshold questions of jurisdiction . . . before proceeding to consider the merits of a claim at any stage of a proceeding is 'inflexible and without exception'." <u>Antwi v. United States</u>, 349 F. Supp. 2d 663, 669 (S.D.N.Y. 2004) (*quoting* <u>Steel Company v. Citizens for a Better Environment</u>, 523 U.S. 83, 95 (1998)).

As here, "where an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied, that individual may seek judicial review of the claim only before the appropriate court of appeals, not a district court." <u>Henriquez v. Ashcroft</u>, 269 F. Supp. 2d 106, 108 (E.D.N.Y. 2003) (*citing* 8 U.S.C. §1252(b)(5)). *See* <u>Fairweather v. Ashcroft</u>, 2003 WL 21196839, *1 (E.D.N.Y. 2003) ("Courts construing [8 U.S.C. §1252] have held that review of nationality claims in the context of removal orders must occur, in the first instance, in the courts of appeals").

Even if petitioner's claim had been brought pursuant to 8 U.S.C. §1503(a), which grants district courts jurisdiction to address naturalization claims, I would conclude that this statute is inapplicable, as it specifically provides that "no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of,

or in connection with any removal proceeding under the provisions of this or any other act, or (2) is in issue in any such removal proceeding." Here, it is undisputed that petitioner's claim of derivative citizenship, which he raised in opposition to the order of removal, arose in connection with his removal proceeding.

Therefore, I recommend that the petition be dismissed for lack of jurisdiction.[3] This recommendation should come as no surprise to petitioner, who previously argued that he was entitled to derivative citizenship in challenging his final order of removal. Appendix to defendants' statement of undisputed facts [11-2], June 28, 2004 Memorandum and Order, p. 4. As here, Judge Korman found that the District Court did not have jurisdiction over this claim insofar as it arose in connection with the removal proceeding and transferred it to the Fifth Circuit Court of Appeals. Id.[4]

## CONCLUSION

For these reasons, I recommend that respondents' motion be granted to the extent it seeks dismissal of the petition for lack of subject matter jurisdiction [11] and that petitioner's cross-motion be denied [16].

---

[3] Because I have concluded that this court lacks jurisdiction over petitioner's claim, I need not address the parties' arguments directed at the merits of the petition.

[4] Although respondents also contend that petitioner is collaterally estopped from raising this argument because he filed an unsuccessful petition for review with the Fifth Circuit asserting his derivative citizenship claim, this argument is not supported by the record before me. Respondents' memorandum of law [12], pp. 9-10. Respondents allege that on April 19, 2004, the Fifth Circuit dismissed petitioner's appeal, whereas Judge Korman's decision transferring petitioner's derivative citizenship claim was not filed until June 28, 2004. Id., p. 10. Moreover, the cite respondents provide to petitioner's brief to the Fifth Circuit (2004 WL 3314872), actually cites to a brief filed by petitioner with the Second Circuit. Id., p. 9.

Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by July 1, 2010 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED**.

Dated: June 14, 2010

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge